# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHARON BECKFORD,**

    **Plaintiff,**

    **v.**                                                        **Case No. 12-CV-268**

**ARCHON GROUP,**

    **Defendant.**

## AMENDED ORDER ON PLAINTIFF'S MOTION
## TO PROCEED *IN FORMA PAUPERIS*

On March 20, 2012, plaintiff Sharon Beckford filed a *pro se* complaint against defendant Archon Group, alleging employment discrimination. Before the Court is Beckford's motion for leave to proceed *in forma pauperis* (Docket # 2) and her motion to appoint counsel (Docket # 5). For the reasons below, I find that the complaint, in its current form, fails to state a claim upon which relief may be granted. Beckford will be given leave to submit an amended complaint to cure the deficiencies in her complaint by July 11, 2012 and I will rule on these motions at that time.

The federal *in forma pauperis* statute, 28 U.S.C. §1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations.

First, the court must determine whether the litigant's inability to pay the costs to commence the action is true. 28 U.S.C. § 1915(a). This is to be determined by a review of the litigant's assets as stated on an affidavit submitted to the court. *Id.*

Second, the court must determine whether the action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is considered frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, the plaintiff's allegations must be taken as true statements of the facts and all reasonable inferences must be drawn in his favor. *Id.* Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In her motion and affidavit to proceed without prepayment of fees and/or costs, Beckford states that she is unemployed. She is not married, but has two children who are in college. She owns her residence which is valued at $88,000. She has $150.00 in a bank account. She does not own a vehicle nor does she own any stocks, bonds, trusts, or individual retirement accounts. Her monthly expenses include $50 toward credit card payments and $35 toward an electric bill payment plan. She states that her electric bill is currently over $1,000. Additionally, she explains that unemployment payments ended in November 2011 and her daughter assists her with expenses, using money from student loans. Based on the information provided in Beckford's affidavit and petition, I am satisfied that she is indigent for the purposes of the *in forma pauperis* statute.

I next turn to the question of whether Beckford's action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Beckford alleges that she was discriminated against by her former employer, Argon Group, because of her race, religion, age, and origin. She states that she was working as a manager for Marriott when Archon Group took over in 2008. Beckford alleges that she and other black workers were treated differently than white workers because of their race. For example, she alleges that Archon Group "gave the only white worker at front desk a double raise, even though he was not a good worker." Beckford also alleges that she was denied other positions within the company because of her race and age. She also alleges that black guests were treated differently than white guests at the hotel. Finally, she states that she was denied a request to not work on Sundays because of her religion. Beckford seeks "respect and fairness for all workers," a chance to reapply for a position with the company, and back pay.

Although the complaint does not specify the legal basis for the plaintiff's claim, I consider her claims of race, religion, and national origin discrimination to be brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e. Beckford's age discrimination claim is construed to be brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.

Under both Title VII and the ADEA, a plaintiff must exhaust administrative remedies before bringing a claim in federal court. *See Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000); *Ajayi v. Aramark Business Services, Inc.*, 336 F.3d 520, 527 (7th Cir. 2003). To exhaust administrative remedies, a plaintiff must show the following: (1) the filing of a complaint with the Equal Employment Opportunity Commission (EEOC) within 180 days of the discriminatory employment action, or

within 300 days of the employment action if an equivalent state agency exists; and (2) a notification from the EEOC that it does not intend to sue–commonly referred to as a "right-to-sue" letter. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006) (citing 42 U.S.C. §§ 2000e-5(c), (e) and (f)(1)). The purpose of these conditions is to give the EEOC and state agencies the chance to investigate and take enforcement action first, and to encourage a potential plaintiff and his or her employer to resolve their dispute outside of the courts. *See id.*

In Wisconsin, a plaintiff has 300 days to file a complaint either with the EEOC or the Equal Rights Division of the Wisconsin State Department of Workforce Development ("ERD"). *See Miller v. Am. Family Ins.*, 203 F.3d 997, 1002 n.3 (7th Cir. 2000); *Alvey v. Rayovac Corp.*, 922 F.Supp. 1315, 1326 (W.D.Wis. 1996) (noting that filings with the ERD are considered cross-filed with the EEOC).

Here, there is no indication that Beckford filed a charge claiming discrimination and received a notice of right to sue from the EEOC or the ERD. The complaint does not contain any allegation that she has exhausted her remedies with the EEOC or the ERD and Beckford has not attached a "Right to Sue" letter to her complaint. Furthermore, Beckford does not provide any dates upon which these alleged actions occurred.[1] As such, the complaint, in its current form, fails to state a claim upon which relief may be granted and I cannot grant the motion for leave to proceed *in forma pauperis* at this time.

However, I will give Beckford the opportunity to amend her complaint to provide further information indicating whether she filed an administrative complaint alleging discrimination and whether she received notice of her right to sue. If Beckford has not satisfied these requirements, she

---

[1] The Court notes that the requirement for both Title VII and ADEA claims is only a precondition and not a jurisdictional element of filing a claim, and is therefore subject to equitable doctrines of waiver, estoppel and equitable tolling. *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). Beckford has not made any such claims.

is advised to do so within the applicable time limits. She shall notify the Court that she dismisses her claims without prejudice so that she may re-file her complaint after exhausting her administrative remedies.

Beckford has also requested that the court appoint an attorney to represent her. (Docket # 5.) Because I have yet to rule on the motion for leave to proceed *in forma pauperis*, I will resolve this motion if and until the plaintiff files an amended complaint.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff shall file an amended complaint that complies with this order by **July 11, 2012.** The court will then determine if the plaintiff can proceed *in forma pauperis* in this case. The plaintiff is advised that if she does not file an amended complaint by July 11, 2012 or if her amended complaint fails to cure the deficiencies outlined above, this case will be dismissed.

Dated at Milwaukee, Wisconsin this 11th day of June, 2012.

BY THE COURT

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge